# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### TEXARKANA DIVISION

MARCUS ANTHONY JOHNSON                                                    PLAINTIFF

v.                                      Civil No. 4:18-cv-04162

JAIL ADMINISTRATOR CHRIS WOLCOTT,
Sevier County Detention Center; SHERIFF
ROBERT GENTRY; and JAILER ISAAC ALVARADO                              DEFENDANTS

## ORDER

This is a civil rights action filed *pro se* by Plaintiff Marcus Anthony Johnson pursuant to

42 U.S.C. § 1983. Before the Court is Plaintiff's failure to obey a Court order.

Plaintiff filed this § 1983 action *pro se* on December 3, 2018. (ECF No. 1). On the same

day, the Court entered an order directing Plaintiff to file a completed *in forma pauperis* ("IFP")

application by December 26, 2018. (ECF No. 3). The order stated that failure to file a completed

IFP application by the Court's imposed deadline would result in the case being dismissed without

prejudice. The order was mailed to Plaintiff at his address of record: Sevier County Jail, 137 West

Robinson Road, DeQueen, AR 71832. To date, the Court's order has not been returned as

undeliverable and Plaintiff has not filed a completed IFP application. More than thirty (30) days

have passed since the Court's order was mailed to Plaintiff.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused

from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.

1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk
> and the other parties to the proceedings of any change in his or her address, to
> monitor the progress of the case, and to prosecute or defend the action diligently.
> . . . If any communication from the Court to a *pro se* plaintiff is not responded to
> within thirty (30) days, the case may be dismissed without prejudice. Any party

proceeding *pro se* shall be expected to be familiar with and follow the Federal
Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey a court order. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be and hereby is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**, this 22nd day of January, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge